THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| Loramax LLC, Plaintiff,<br><br>v.<br><br>Frontier Airlines, Inc., Defendant. | Civil Action No.  2:15-cv-752-RWS-RSP<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Loramax LLC ("Loramax" or "Plaintiff") makes the following allegations against Frontier Airlines, Inc. ("Frontier" or "Defendant"):

### PARTIES

1. Plaintiff Loramax is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 2305 North St., Ste. 205, Beaumont, Texas, 77702.

2. Upon information and belief, Defendant Frontier is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located at 7001 Tower Road, Denver, Colorado, 80249.  Defendant may be served via its registered agent for service of process: The Prentice Hall Corporation, 211 E. 7th Street Suite 620, Austin, Texas, 78701.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant has transacted business in this district, and has performed at least a portion of the infringements alleged herein in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,689,642

6. Plaintiff Loramax is the owner by assignment of United States Patent No. 5,689,642 ("the '642 Patent") titled "Recipient Prioritized Communication Channel Profiles." The '642 Patent was duly issued by the United States Patent and Trademark Office on November 18, 1997. A true and correct copy of the '642 Patent is attached as Exhibit A.

7. On November 22, 1995, Larry E. Harkins, Ken Hayward, Thomas J. Herceg, Jonathan D. Levine, and David M. Parsons filed patent application no. 562,325 ("the '325 Application") with the United States Patent and Trademark Office ("the PTO"). The '325 Application was duly vetted by patent examiners, Emanuel T. Voeltz and Kyle J. Choi, at the PTO. The PTO vetting included reviewing the '325 Application for compliance with 35 U.S.C. § 101. After the PTO completed its vetting, the PTO found that the '325 Application complied with all requirements for a United States patent. The PTO issued '325 Application as the '642 Patent on November 18, 1997.

8. The PTO classified the '642 Patent in international class H04L 12/28 and U.S.

class 395/200.04. These classes are for inventions related to the transmission of digital information and networking technologies. Neither international class H04L 12/28 nor U.S. class 395/200.04 are related to business methods.

9. Pursuant to 35 U.S.C. § 282, the '642 Patent is presumed valid.

10. The '642 Patent contains technical information including pseudo-code. Accordingly, a person of ordinary skill in the art for the '642 Patent would have a bachelor's degree in computer science, computer engineering or equivalent work experience, and at least four years of experience in computer systems and applications design and development.

11. The '642 Patent and its claims, as understood by a person of ordinary skill in the art having reviewed the '642 Patent and its file history (a "PHOSITA"), are directed at solving problems in the art of computer networking and systems. More particularly, the '642 Patent and its claims, as understood by a PHOSITA, relate to computerized methods and computerized systems that implement technical functionality that enable the automatic distribution of information to recipients in a preferred form.

12. A PHOSITA would understand that the claims of the '642 Patent require the use of a specially programmed computer(s) implementing the invention patented in the '642 Patent. For example, the PHOSITA would generally understand that practicing the '642 Patent requires a communication profile that specifies a mode for transmission of data to a recipient. Communication profiles would be stored in a specially programmed repository (e.g., database). Specialized software is required that interfaces with the repository. The specialized software would access the repository when a document is sent to a recipient, which would then cause the transmission of the document to the recipient using a communications channel in accordance with the recipient's communication profile. For example, the '642 Patent discloses a preferred,

technical schema for a PHOSITA to implement the invention of the '642 Patent (see Appendices A and B to the '642 Patent):

```
                    APPENDIX A                                                      APPENDIX B

CommunicationChannel: DEFINITIONS =                         Profile: TYPE = RECORD [
  BEGIN                                                       modified: BOOLEAN,
  -- TYPE DEFINITIONS                                         enabled: BOOLEAN,
  StreetAddress: TYPE = RECORD [                              cashed: BOOLEAN,
    alias: AliasType,                                         locked: BOOLEAN, -- if locked by receiver then read only
    street: LONG STRING,                                      version: CARDINAL,
    town: LONG STRING,                                        priorityOfReciept: CARDINAL,
    zipCode: LONG CARDINAL,                                   profile: ProfileOption];
    company: LONG STRING,                                   ProfileOptionType: TYPE = {workstation, phone, fax, pagePrinter, colorPrinter,
    department: LONG STRING,                                  secondaryPrinter, email, audio, video, secondaryStorage};
    mailStop: LONG STRING];                                   -- fax => use alternateProfile to establish incomming profile option
  AliasType: LONG POINTER TO ARRAY OF LONG STRING;            -- phone =>server implies vmax server and path box
  ProfileOption: TYPE = RECORD [                            ChannelProfilePtr: TYPE = LONG POINTER TO Profile;
    server: Address,                                          ChannelProfileRec: TYPE = RECORD [
    preferredVersion: LONG CARDINAL,                            preferredOption: ProfileOptionType,
    preferredFormat: LONG STRING,                               secondaryOption: ProfileOptionType,
    phoneNumber: LONG STRING,                                   teriaryOption: ProfileOptionType,
    alternateProfile: ProfileOptionType]; -- e.g. fax goes direct to printer    streetAddress: StreetAddress,
  Command: TYPE = {update, ignore, publish, forward};         profileArray: ARRAY ProfileOptionType OF ChannelProfilePtr];
  Status: TYPE = {ok, errors};                                -- nil indicates the value is not specified
  Address: TYPE = RECORD [address: LONG STRING, path: LONG STRING, alias: Alias  ChannelProfile: TYPE = LONG POINTER TO ChannelProfileRec;
  SenderAccessRights: TYPE = {desktop, secondaryStorage, queue, reject};  -- PROCEDURE DEFINITIONS
  PriorityType: TYPE = {interrupt(0), high(1), medium(2), low(3), background(4), OpenChannelProfile: PROCEDURE [ ]
ignore(5)};                                                     RETURNS[channelProfile: ChannelProfile];
  ReceivePriorityType: TYPE = {direct, delayed};            CloseChannelProfile: PROCEDURE [command: Command, profile: ChannelProfile,
  AccessProperties: TYPE = RECORD [                           address: Address]
    priority: PriorityType,                                   RETURNS[status: Status, msg: LONG STRING];
    accessRights: SenderAccessRights];                      OpenReceivePriorities: PROCEDURE [ ]
  ReceivePriorityRec: TYPE = RECORD [                         RETURNS[receivePriorities: ReceivePriorities];
    next: ReceivePriorities, -- link list of individual ReceivePriorities  ClosePriorities: PROCEDURE [command: Command, receivePriorities:
    type: ReceivePriorityType,                              ReceivePriorities]
    modified: BOOLEAN,                                        RETURNS[status: Status, msg: LONG STRING];
    profileID: FileID,                                      ForwardProfile: [channelProfile: ChannelProfile, address: Address];
    profile: ChannelProfile,                                PublishProfile: [channelProfile: ChannelProfile];
    accessProperties: AccessProperties];                    OpenQuickSend: PROCEDURE [ ]
  SendProfilesRec: TYPE = RECORD [                            RETURNS[sendProfiles: SendProfiles];
    next: ReceivePriorities, -- link list of individual ReceivePriorities  Send: PROCEDURE [channelProfile: ChannelProfile, data: LONG POINTER TO STR
    profile: ChannelProfile];                                 RETURNS[status: Status, msg: LONG STRING];
  SendProfiles: TYPE = LONG POINTER To SendProfilesRec;   END.
```

13.     In order for a PHOSITA to practice the invention of the '642 Patent, the PHOSITA would have to, *inter alia*, implement the above schemas.  Such an implementation would transform a generic computer(s) into a specially programmed computer(s).  Because such a specially programmed computer(s) provides functionality not present in a generic computer, a PHOSITA would understand that a specially programmed computer(s), in accordance with the invention of the '642 Patent, is a technological improvement over a generic computer.

14.     Further, a PHOSITA would understand that the claims of the '642 patent could not be practiced by human interaction alone, nor merely using a generic computer.  A generic computer does not provide functionality that enables the automatic distribution of information to

recipients in a preferred form.

15. Furthermore, a PHOSITA would understand that there are alternate ways of distributing information based on user preferences that are not covered by the claims of the '642 Patent.

16. Upon information and belief, Defendant makes, uses, operates, and makes available to the public, directly or through intermediaries, a website and related systems that are accessible to the public via the URL at http://www.flyfrontier.com/ ("the Accused Instrumentality").

17. Upon information and belief, the Accused Instrumentality performs, in a network having a plurality of devices interconnected over a network channel having a plurality of connecting paths, the computerized method of transmitting predetermined data from a given source to a designated recipient on the network comprising the steps of: identifying the recipient to receive the data, accessing the recipients profile for receiving said data, said profile designating recipients' priority of receiving data including designating a least one device on the network, responsive to recipients profile for receiving said data, determining a set of connecting paths to transmit the predetermined data from the given source to the recipient, and conveying the predetermined data from the given source to the device on the network designated by the recipient.

18. Upon information and belief, the Accused Instrumentality performs, in a network repository with a plurality of services and a plurality of network users registered therein, a computerized method for distributing data from a first network user to a set of network users, comprising the steps of: developing a communication channel profile for each network user registered in the network repository, said developing step specifying at least one preferred mode

of data receipt in the communication channel profile; selecting a set of communication channel profiles that identify a set of network users from the network repository; defining a distribution list with the set of communication channel profiles that identify a set of network users from the network repository; defining a distribution list with the set of communication channel profiles; selecting a set of data for transmission to the distribution list; and transmitting the set of data to the distribution list in accordance with the communication channel profile developed for each network user in the set of network users so that the set of data is transmitted in a preferred mode of data receipt.

19. Upon information and belief, Defendant has infringed the '642 Patent during its term in the State of Texas, in this district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performs methods covered by at least claims 1 and/or 6 of the '642 Patent to the injury of Plaintiff. Defendant has directly infringed, literally and/or under the doctrine of equivalents, the '642 Patent during the term of the '642 Patent. Defendant and is thus liable for infringement of the '642 Patent pursuant to 35 U.S.C. § 271.

20. As a result of Defendant's infringement of the '642 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loramax respectfully requests that this Court enter:

21. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '642 Patent;

22. A judgment and order requiring Defendant to pay to Plaintiff its damages, costs,

expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '642 Patents as provided under 35 U.S.C. § 284; and

23. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Loramax, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED August 20, 2015.    Respectfully submitted,

*/s/ Jaspal S. Hare*
By:_____

Jaspal S. Hare (lead counsel)
Texas Bar No. 24083135
Jaspal.Hare@solidcounsel.com

David B. Dyer
Texas Bar No. 06313500
David.Dyer@solidcounsel.com

Bryan R. Haynes
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com

**Scheef & Stone L.L.P**
500 North Akard, Suite 2700
Dallas, TX 75201
Tel: (214) 706-4200
Fax: (214) 706-4242

**ATTORNEYS FOR PLAINTIFF LORAMAX LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on Thursday, August 20, 2015 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          */s/ Jaspal S. Hare*
                                          Jaspal S. Hare