**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TEXAS MARSHALL DIVISION**

LORAMAX LLC,

       Plaintiff,

v.

FRONTIER AIRLINES, INC.,

       Defendant.

Civil Action No. 2:15-cv-00752-RWS-RSP

JURY TRIAL DEMANDED

**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION AND JOINDER
IN DEFENDANT SAFEWAY INC.'S RENEWED MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I.    INTRODUCTION

On May 15, 2015, Plaintiff Loramax LLC ("Loramax") filed this action against Defendant Frontier Airlines, Inc., ("Frontier") alleging infringement of "at least claims 1 and/or 6" of U.S. Patent No. 5,689,642 ("the '642 Patent").  Loramax filed almost identical complaint against Safeway Inc. ("Safeway") (Case No. 2:15-cv-00758).  On July 20, 2015, Safeway filed a motion moving to dismiss the cases pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See* Case No. 2:15-cv-00758, Dkt. No. 11.  On July 27, 2015, Frontier filed a Motion joining Safeway's July 20th Motion to Dismiss.  *See* Case No. 2:15-cv-00752, Dkt. No. 9.  In response to these motions, Loramax filed almost identical amended complaints against Safeway and Frontier on August 14th and 20th, respectively.  *See* Case No. 2:15-cv-00758, Dkt. No. 17 (Amended Complaint against Safeway); *see also* Case No. 2:15-cv-00752, Dkt. No. 12 (Amended Complaint against Frontier). On August 31, 2015, Safeway filed a Renewed Motion to Dismiss in response to the Amended Complaint dated August 14, 2015. *See* Case No. 2:15-cv-00758, Dkt. No. 19 (Safeway's Renewed Motion to Dismiss dated August 31, 2015, referred to hereinafter as "Renewed Motion"). The Renewed Motion asserts that claims 1 and 6 of the '642 Patent are invalid under 35 U.S.C. § 101 for being directed to the abstract idea of distributing information in a manner preferred by a user.

Frontier agrees with the arguments in the Renewed Motion that claims 1 and 6 of the '642 Patent are directed to an abstract idea and are invalid under 35 U.S.C. § 101 based on the guidance provided by the Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347 (2014).  Thus, Frontier hereby respectfully requests the Court take notice that Frontier joins Defendant Safeway's Renewed Motion.  Frontier hereby incorporates by reference the Renewed Motions in its entirety, as well as the legal authorities that are cited therein.   In

addition, Frontier also asserts that dependent claims 2-5 and 7-18 are invalid under 35 U. S. C. §

101 for being directed to the same abstract idea as claims 1 and 6, and for reciting nothing more

than generic computer functionality.

## II.    CLAIM CONSTRUCTION IS NOT NECESSARY TO RULE ON THE RENEWED MOTION AND FRONTIER'S MOTION

In addition to the reasons set forth in the Renewed Motion, Frontier asserts that the

motions to dismiss are ripe for determination at this stage of the case.  A determination of patent

validity under § 101 may be made at the pleading stage on a motion to dismiss.  *See*

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014) (affirming dismissal under

Rule 12(b)(6) because the asserted patent did not claim patent-eligible subject matter); *see also*

*Clear With Computers*, 2015 WL 993392, at *6.   Section 101 issues are properly addressed at

the motion to dismiss stage in cases, such as this one, where the asserted patent claims plainly

cover subject matter that is not patentable.[1]  *Id.*

Here, no discovery or claim construction is needed to determine whether the patent

claims are directed to patent eligible subject matter as there are no issues of fact or terms in

dispute.  The Court need only look to the four corners of the patent to determine whether the

claims disclose patent eligible subject matter.  Further, the Federal Circuit has confirmed that

§ 101 issues can be determined without claim construction. *See, e.g.*, *Bancorp Servs., L.L.C. v.*

*Sun Life Assurance Co.*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012) (noting that, in *Bilski*, "the

Supreme Court 'f[ound] subject matter ineligible for patent protection without claim

---

[1] *See also, e.g.*,  *In re TLI Commc'ns LLC Patent Litig.*, MDL No. 1:14md2534, 2015 WL 627858, (E.D. Va. Feb. 6, 2015) (Ex. 6); *The Money Suite Co. v. 21st Century Ins. and Fin. Servs., Inc.,* C.A. No. 13-984-GMS, 2015 WL 436160 (D. Del. Jan. 27, 2015) (Ex. 7); and *Cogent Med., Inc. v. Elsveier Inc.*, No. C-13-4479-RMW, 2014 WL 4966326 (N.D. Cal. Sep. 30, 2014) (Ex. 8) (each case addressing § 101 in the context of a motion to dismiss).

construction'" (quoting *Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323, 1325 (Fed. Cir. 2011), *vacated on other grounds by WildTangent, Inc. v. Ultramercial, LLC*, 132 S.Ct. 2431 (2012))).[2]

Claim construction is not necessary because the '642 Patent is directed to nothing more than the abstract idea of distributing information in a manner preferred by a user. None of the claim terms in any claim are such that they would be construed to make this patent-ineligible idea any less abstract. Specifically, both independent claims 1 and 6 recite steps that can be performed by nothing more than a general purpose computer. Indeed, the specification of the '642 Patent discloses an environment including general purpose computers for implementing the claimed embodiments. *See* the '642 Patent at Fig. 1; *see also id.* at 6:6-26. Thus, even if Loramax attempts to construe terms to narrow them to the embodiments disclosed in the specification of the '642 Patent would still only be limited to implementation of an abstract idea of distributing information in a manner preferred by a user by using generic computer functionality. And, as the Federal Circuit has held, "simply implementing an abstract concept on a computer, without meaningful limitations to that concept, does not transform a patent-ineligible claim into a patent-eligible one." *See Accenture Global Servs., GmbH v. Guideware Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013); *see also SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1333 (Fed. Cir. 2010); *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2-12-cv-800, 2015 WL 3452469 at *23-24 (E.D. Tex, May 29, 2015).

---

[2] *See also, e.g.*, *Ultramercial, LLC,* 657 F.3d at 1325; *CyberFone Sys., LLC v. Cellco P'ship*, No. 11-827, 885 F. Supp. 2d 710, 715 (D. Del. 2012) *aff'd sub nom. Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,* 558 F. App'x 988 (Fed. Cir. 2014) (both cases holding that claim construction is not always necessary before determining subject-matter eligibility under § 101).

## III.    DEPENDENT CLAIMS 2-5 AND 7-18 ARE ALSO INVALID FOR BEING DIRECTED TO AN ABSTRACT IDEA

As noted above, Frontier also asserts that dependent claims 2-5 and 7-18 are no less abstract than claims 1 and 6, and are therefore also invalid under § 101.  The dependent claims share the same underlying idea to which the independent claims are directed.  Each claim merely adds further steps and components in the pursuit of "distributing information in a manner preferred by a user."  For example, dependent claim 2 recites that the devices on the network include "electronic workstations and electronic printers." *See* '642 Patent, 13:37-39.  Dependent claim 3 recites that the "network includes printers, file and electronic mail servers, electronic workstations, and modems." *See id.* 13:41-43.  As noted above, the '642 Patent discloses these components to be nothing more than generic computer devices.  *See id.* at Fig. 1.

Dependent claim 4 recites including an "option of overriding the recipients profile for receiving said data," and dependent claim 5 recites that the "recipients profile for receiving said data is unalterable."  *See id.* 13:43-47.  Thus, these claims are merely reciting the ability to change or not change the preferences of a user that are used to distribute information.

Dependent claim 7 is similar to claim 5 in that it only provides "read-only" access to a user's profile, thus preventing the ability to change the profile. *See id.* 14:4-7.  Dependent claims 8-18 are similar to claims 4-5 in that they either merely add generic computer components and/or add generic computer functionality that is without question insufficient to make these claims patent-eligible.  *See id.* 14:8-39 (claim 8 reciting identification of a network based on the user's preference; claim 9 reciting the generic function of storing on a server; claim 10 reciting "registering" of a printer; claim 11 reciting providing an identification of a user that corresponding to the saved profile; claim 12 reciting scanning an image; claim 13 reciting selection of a "distribution list" used to send messages; claims 14 and 17 reciting "registering"

4

one or more distribution lists; claims 15 and 16 reciting specifying a facsimile machine or color printing machine; and claim 18 reciting identifying the distribution list).

The limitations of claims 2-5 and 7-18 fail to add anything "significantly more" to the claims that would render them patent eligible. *See OIP Techs., Inc. v.Amazon.com, Inc.,* -- F.3d -- -, 2015 WL 3622181, at *3 (Fed. Cir. June 11, 2015) (affirming patent ineligibility of claims drawn to "conventional computer activities or routine data-gathering steps"); *see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("The concept of data collection, recognition, and storage is undisputedly well-known. Indeed, humans have always performed these functions."). The '642 Patent does not purport to invent any new computer technology that overcomes technical limitations in prior computer technology. There is no problem arising specifically in the realm of computer networks that the '642 alleged invention solves. Distributing information in a manner preferred by a user occurred long before the advent of computers.

## IV.   CONCLUSION

Based on the foregoing, the Court should grant this Motion and dismiss Loramax's Amended Complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as the claims of the'642 Patent are invalid under 35 U. S. C. § 101.

Dated:  September 8, 2015

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Stephen E. Baskin
Virginia Bar No. 47567
sbaskin@mayerbrown.com
Saqib J. Siddiqui
DC Bar No. 999189
ssiddiqui@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Counsel for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 8, 2015.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

6